James M. TINGLE, Sr., and
Yvette Cecile Tingle

v.

PACIFIC MUTUAL INSURANCE
COMPANY.

Civ. A. No. 89–0912.

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

Nov. 18, 1993.

Edward M. Leonard, Jr., Leonard & Hayes, Morgan City, LA, for James M. and Yvette Cecile Tingle.

Nicholas F. LaRocca, Jr., Lippman, Mahfouz, Martin & LaRocca, Morgan City, LA, for Pacific Mut. Ins. Co.

Stephanie M. Lawrence and Jayne L. Friedland, McGlinchey Stafford Lang, New Orleans, LA, for Lafayette General Medical Center.

## ON REMAND

PUTNAM, Senior District Judge.

The Court of Appeals for the Fifth Circuit disagreed with the conclusion reached by this Court that La.R.S. 22:619 was exempt from ERISA preemption because it falls within the insurance savings clause of that Act. *See: Tingle v. Pacific Mutual Insurance Company,* 996 F.2d 105 (5th Cir.1993). The Court said that the statute failed to meet one of the three requirements of *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) in that it did not operate to "spread the risk" of health coverage for which the parties contracted. The Court stated:

"... Although the statute fits the common sense definition of insurance regulation, it fails to satisfy at least one prong of the three part Metropolitan Life test. Thus the statute does not fall within the ERISA insurance savings clause and is, therefore preempted by ERISA." (996 F.2d 105, at 108) [1]

Having made this pronouncement, the Court remanded the case to us for decision using federal law. So far as we are able to determine this is a question of first impression as a matter of federal common law addressing the specific issue before us; namely, the effect of material misrepresentations made in good faith on an application for enrollment in a group health and accident insurance policy provided by an employer under an employee benefit plan formulated pursuant to the ERISA.

In 45 C.J.S., Insurance, Section 548, the majority rule in this country is stated as follows:

Sec. 548—Fraud or intent to deceive. As a general, but not universal rule, a material representation need not have been fraudulently made in order to be available to avoid a policy.

Under statute and prevailing jurisprudence a misrepresentation as to a material fact, in order to be available as a ground for avoidance, need not have been fraudulently made. Thus a false representation, although made in good faith, *as to a material matter* is sufficient to avoid the policy, as is one made innocently or unintentionally. (Emphasis supplied). *See* footnotes 40, 41, 42 and 43.

On the other hand, the statutes and jurisprudence of some states provide that in order to avoid a contract of insurance a false representation of a material fact must have been fraudulently made with intent to deceive or defraud, or with a reckless disregard for its truth or falsity. (Ibid., Note 46, 47, 48 and 49).

---

1. The three factors are *"first* whether the practice has the effect of transferring or spreading a policyholder's risk; *second,* whether the practice is an integral part of the policy relationship between the insurer and the insured; and, *third,* whether the practice is limited to entities within the insurance industry." (471 U.S. at 743, 105 S.Ct. at 2391, 85 L.Ed.2d at 742).

■ The intent behind ERISA's preemption provision was to eliminate the threat of conflicting and inconsistent state and local regulation of employee benefit plans. *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39, 47 (1987). Indeed, the creation by the Courts of a body of substantive rights to deal with issues involving rights and obligations under ERISA-regulated plans is mandated under the act.[2]

Recognizing the "dearth" of federal law addressing this issue, the Fifth Circuit noted that where federal law is applicable, yet silent, the court may refer to state law as an appropriate source of guidance. The Court is not, however, bound to apply state law.[3]

■ The view taken by those jurisdictions which hold that a material representation will void the insurance policy, regardless of the good faith of the applicant, appears to be in line with general contract law. Sec. 164(1) of the Restatement, Second, of Contracts, provides as follows:

(1) If a party's manifestation of assent is induced by either a fraudulent or material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient.

Thus, there are three requirements that must be met in order for a misrepresentation to void a contract: (1) The misrepresentation must have been fraudulent or material; (2) the misrepresentation must have induced the recipient to make the contract; and (3) the recipient must have been justified in relying on the misrepresentation.[4]

In the creation of federal common law, the federal courts cannot merely decide what a majority of state courts have done in their interpretations of the issue before them. Federal common law is that law fashioned by the federal courts through their interpretation of policy language and is not based upon any calculation of the majority of decisions from other jurisdictions.[5]

From a policy standpoint, it appears to this court that the most logical and equitable inquiry for a factfinder to make, once it has found that a misrepresentation was made in an insurance application, is whether this misrepresentation was material. By "material" is meant those instances in which the misrepresentation materially affects the insurer's risk or the hazard assumed by the insurer. Therefore, whether the misrepresentation was fraudulent or intentional, or made in good faith without the intent to deceive, should be immaterial to the factfinder's inquiry.

If insurers were precluded from voiding an insurance policy in which a material misrepresentation was made, the total cost of all premiums would go up because insurers would likely have to depend entirely on independent examinations to assess their relative risks. While one could argue that this would be a more desirable result, the Court finds that this determination is beyond the province of the Courts and is better left to the legislative process. Until that time, the Court finds that general contract principals should govern this situation.[6]

Using the rule as stated in Section 164(1) of the Restatement of the law of contracts, supra, in the context of an insurance policy, in order to avoid a policy, the insurer must prove that the insured made a fraudulent or material misrepresentation in his application for enrollment that justifiably induced the issuance of the policy. Good faith of the applicant is irrelevant. At the original trial the defendant established by a clear preponderance of the evidence that the policy would not have been issued had the true facts of

**2.** 481 U.S. at 56, 107 S.Ct. at 1557–1558, 95 L.Ed.2d at 53 (1987) (quoting 120 Cong.Record 29942 (1974) (statement of Sen. Javits)).

**3.** *Tingle* at 110, n. 26; citing *U.S. ex rel. Canion v. Randall and Blake,* 817 F.2d 1188, 1193 (5th Cir.1987).

**4.** Restatement, Second, of Contracts, Sec. 164, Comment (a) (1981).

**5.** *Arnold v. Life Insurance Co. of North America,* 894 F.2d 1566 (11th Cir.1990).

**6.** For a good commentary on the policy considerations on this subject, *see Dennis,* Comment, Misstatements in Applications for Life and Health and Accident Insurance under the Louisiana Insurance Code, 22 La.Law Review 190 (1961).

Mrs. Tingle's physical condition been disclosed in the application made by her husband. The Tingles' case is therefore, without merit.

Judgment is now rendered in favor of defendant Pacific Mutual and against plaintiffs and intervenor. The attorney for Pacific Mutual will prepare and file a formal decree in accordance herewith within ten (10) days of this date. Judgment will not be entered until such decree is signed by the Court and filed.